IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: $03$-$2512$ CA-K

BOBBIE J. ELLIS, an individual,

    Plaintiff,

vs.

COX LUMBER COMPANY, INC.,
a Florida corporation, and
DARLENE CAMPBELL, an individual,

    Defendants.

_____/

5:04-CV-92-Oc-106RJT

## COMPLAINT

Plaintiff BOBBIE J. ELLIS, by and through her undersigned counsel, sues Defendants COX LUMBER COMPANY, INC.(hereinafter referred to "Cox Lumber") and DARLENE CAMPBELL, and avers:

### AVERMENTS COMMON TO ALL CAUSES OF ACTION

1.    This is an action for damages that exceed $15,000.

2.    Plaintiff Bobbie Ellis is a U.S. Citizen who is more than 40 years of age, and at all times material to this action and at the present time was and is an employee of Cox Lumber in Florida.

3.    Defendant Cox Lumber is a Florida corporation which maintains an ordinary place of business in Marion County, Florida. At all times material to this action, Bobbie Ellis was an employee of the Cox Lumber location in Ocala, Marion County, Florida.

4.    Defendant Darlene Campbell is an individual who was Plaintiff's Supervisor at Cox Lumber.

2

5.    This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)(1-6);  the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621-634 (1994 & Supp. IV 1998); and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101-12213 (1994 & Supp. IV 1998), as well as Florida Civil Rights Act of 1992, §760.01, et seq.

6.    Claims also are stated under the common law of the State of Florida against the Defendants.

7.    At all times material hereto, Plaintiff was employed by Cox Lumber in Marion County, Florida.

8.    At all times material hereto, Defendant Cox Lumber has maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of age, gender, and disability-based discrimination by managers and supervisors against older, female and disabled employees in their Ocala location.

9.    Such pattern and practice has been consistently manifested during the Plaintiff's employ and prior to the Plaintiff's filing of an Administrative Complaint with the Equal Employment Opportunity Commission (EEOC), submitted on or about August 4, 2003.

10.    Throughout the course and scope of her employment with Cox Lumber, the Plaintiff was subjected to harassment on the basis

2

of her age, gender, and disability by her supervisor. Among other incidents, her supervisor referred to the Plaintiff, in front of other employees at Cox Lumber, as an "old bitch." Furthermore, the supervisor expressed to fellow employees that the Plaintiff was too old to work at Cox Lumber and  to perform the duties of a receptionist. Supervisors and fellow employees at the Defendant's Ocala office also harassed the Plaintiff in front of customers for "being too slow" due to her physical limitations.

11.  At all times material hereto, the directors and officers of Defendant were aware of the foregoing discriminatory practices and took no action to abate same.

12.  Defendant Cox Lumber ultimately terminated the Plaintiff on or about May 7, 2003 with no warning or notice. The Plaintiff was replaced by a younger male employee approximately 35 years of age and paid at a higher rate than the Plaintiff.

13.  This suit is being brought within 90 days of the receipt by Plaintiff of notice by the EEOC of a right to sue defendant under the Federal and State laws enforced by the United States Equal Employment Opportunity Commission.  A copy of the Right to Sue Notice is attached hereto as Exhibit "A".

## COUNT I

### (Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)(1-6))

### Directed to Defendants Cox Lumber and Campbell

14.  Plaintiff hereby incorporates paragraphs 1 through 13 as fully and completely as if set forth at length.

3

15.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)(1-6) (hereinafter "Civil Rights Act") prohibits employment practices which discriminate against employees based on their gender.

16.   For the reasons stated in paragraphs 7 through 12, Defendants violated the "Civil Rights Act."

17.   The Civil Rights Act provides for a private right of action based on gender discrimination.

WHEREFORE, Plaintiff demands Judgment against Defendants together with compensatory, liquidated and punitive damages, attorney's fees, costs and interest as well as reinstatement, back and front pay and value of benefits, and any other relief deemed just and proper by this Honorable Court.

## COUNT II

### (Violation of the Age Discrimination and Employment Act of 1967 (ADEA), 29 U.S.C. §621-634 (1994 and Supp. IV 1998))

### Directed to Defendants Cox Lumber and Campbell

18.   Plaintiff hereby incorporates paragraphs 1 through 17 as fully and completely as if set forth at length.

19.   The Age Discrimination and Employment Act of 1967, 29 U.S.C. §621-634 (1994 and Supp. IV 1998), (hereinafter "ADEA") prohibits employment practices which discriminate against employees based on their age.

20.   For the reasons stated in paragraphs 6 through 11, Defendant violated the "Age Discrimination and Employment Act."

4

21. The "ADEA" provides for a private right of action based on age discrimination.

22. Among other incidents, her supervisor referred to the Plaintiff, in front of other employees at Cox Lumber, as an "old bitch." Furthermore, the supervisor expressed to fellow employees that the Plaintiff was too old to work at Cox Lumber and to perform the duties of a receptionist. Supervisors and fellow employees at the Defendant's Ocala office also harassed the Plaintiff in front of customers for "being too slow" due to her physical limitations.

WHEREFORE, Plaintiff demands Judgment against Defendants together with compensatory, liquidated and punitive damages, attorney's fees, costs and interest as well as reinstatement, back and front pay and value of benefits, and any other relief deemed just and proper by this Honorable Court.

<u>COUNT III</u>

**(Violation of the American with Disabilities Act of 1990 (ADA) 42 U.S.C. §12101-12213 (1994 and Supp. IV 1998)**

**<u>Directed to Defendants Cox Lumber and Campbell</u>**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as fully and completely as if set forth at length.

24. The American with Disabilities Act (hereinafter "ADA") prohibits employment practices which discriminate against employees based on their disability.

25. For the reasons stated in paragraphs 6 through 11, Defendant violated the American with Disabilities Act.

)                                        )

26.  The "ADA" provides for a private right of action based on gender discrimination.

WHEREFORE, Plaintiff demands Judgment against Defendants together with compensatory, liquidated and punitive damages, attorney's fees, costs and interest as well as reinstatement, back and front pay and value of benefits, and any other relief deemed just and proper by this Honorable Court.

### COUNT IV

**(Florida Civil Rights Act of 1992, §760.01, et seq.)**

### Directed to Defendant Cox Lumber Only

27.  Plaintiff hereby incorporates paragraphs 1 through 26 as fully and completely as if set forth at length.

28.  The Florida Civil Rights Act of 1992 prohibits employment practices which discriminate against employees based on their gender, age or disability.

29.  Plaintiff has complied with all administrative prerequisites under the Florida Civil Rights Act.

30.  For the reasons stated in paragraphs 7 through 12, Defendant Cox Lumber violated the Florida Civil Rights Act.

31.  The Florida Civil Rights Act provides for a private right of action based on gender, age and/or disability discrimination.

WHEREFORE, Plaintiff requests judgment against Defendant Cox Lumber, including back pay, mental anguish, loss of dignity and other intangible damages and punitive damages.

6

## COUNT V

### (Intentional Infliction of Emotional Distress)

### Directed to Defendants Cox Lumber and Campbell

34. Plaintiff incorporates paragraphs 1 through 33 fully and completely, as if set forth at length.

35. Defendants' actions as described aforesaid were outrageous, willful and/or reckless and were intended to inflict emotional distress upon Plaintiff and did in fact result in said emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages including, inter alia, medical and curative expenses, lost wages, mental anguish, loss of dignity and pain and suffering, in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

**DANIEL L. HIGHTOWER, P.A.**

MICHAEL KARASIK, ESQUIRE
Florida Bar No. 0848492
P.O. Box 700
Ocala, Florida  34478-0700
(352) 629-7777
Attorneys for Plaintiff

MK/cjf

7